```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIEL MILLER and all others similarly
situated,

                          Plaintiff(s),
                                                              REPORT AND
                                                              RECOMMENDATION
           -against-
                                                              CV 07-1719 (JS) (WDW)
WILLIAM ZERILLO, et al.,

                          Defendant(s).
-----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court is plaintiff pro se Daniel Miller's Order to Show Cause seeking injunctive relief, *see* Docket Entry ("DE") [4], and his motion to certify this action as a class action. *See* DE [11]. Judge Seybert denied plaintiff's request for a temporary restraining order and referred the request for a preliminary injunction, as well as the class certification motion, to the undersigned for a report and recommendation. Based on the following, the undersigned recommends denial of both motions.

## BACKGROUND

Plaintiff, while incarcerated at the Queens Private Detention Facility in Jamaica, New York (the "QPDF"), brought this case seeking relief from the "unconstitutional conditions of confinement" at the QPDF. Compl., Prelim. Stmt, DE [1]. According to plaintiff, the QPDF operates under contract with the United States Marshals' Service to house pretrial, presentence, and transit prisoners. *Id.* The complaint seeks correction of the conditions of confinement at the facility, or alternatively, voiding of the contract between the U.S. Marshals' Service and the corporate entity that operates the QPDF.

At the time the complaint was filed, Miller was a federal presentence detainee confined at the QPDF. Compl. ¶6. The complaint alleges numerous "unconstitutional conditions of confinement" at this facility, including the inadequacy of medical care, unsanitary conditions, improper food handling, inadequately trained staff, inadequate ventilation, sleep deprivation, overcrowding, and lack of privacy in bathrooms and showers. *Id.* ¶19. Plaintiff specifically alleges that he was denied use of a cane, *id.* ¶28, and generally alleges violations in the areas listed above, among others.

By letter dated May 4, 2007, plaintiff advised the court that he had been moved to the Metropolitan Detention Center in Brooklyn. Ltr., DE [7]. On June 26, 2007, defendants filed a motion to dismiss the complaint. *See* DE [16]. Defendants unsuccessfully attempted to serve their motion on plaintiff at both the QPDF and the Metropolitan Detention Center. While the docket in this case reveals nothing further about plaintiff's whereabouts after his move to Brooklyn, the undersigned is aware, through litigation of one of Mr. Miller's other cases, that he was released from custody in July 2007 and now resides in Inwood, New York. *See* CV-3533 (JS) *Miller v. Alexander*, et al. By separate order issued this date, the undersigned has directed the Clerk's Office to update plaintiff's address in the current action, and has ordered defendants to serve plaintiff with their motion to dismiss.

## DISCUSSION

I. Motion to Certify a Class

Plaintiff moves to certify his action as a class action under Rule 23. It is clear that "a class action cannot be maintained by *pro se* litigants." *Akers v. United Nations,* 2005 WL 806592, at *1, n. 1 (E.D.N.Y. April 8, 2005) (citing *Daniels v. Niagara Mohawk Power Corp.,*

2004 WL 2315088, at *1 (W.D.N.Y.Oct.12, 2004) (non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir.1998) (because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause)). Indeed, "a class should not be certified where a pro se litigant will act as class representative. 'It is plain error for a pro se inmate to represent other inmates in a class action.'" *Johnson v. Newport Lorillard,* 2003 WL 169797, at *1, n. 4 (S.D.N.Y. Jan. 23, 2003)(quoting *Fowler v. Lee,* 2001 WL 1033312, at *1 (4th Cir. Sept.10, 2001))(additional citations omitted). As Mr. Miller is not an attorney, and thus is unable to represent others, the motion to certify a class must be denied. As this recommendation is made on the basis of Mr. Miller's status as a pro se litigant, however, it is recommended that the motion to certify a class be denied without prejudice to renewal should an attorney appear on behalf of plaintiff.

II. Motion for a Preliminary Injunction

The complaint seeks injunctive relief regarding the conditions of confinement at QPDF. Mr. Miller, however, is no longer incarcerated at that, or any other, facility. "When a prisoner. . . is no longer incarcerated at a particular correctional facility, that individual does not have a legally cognizable interest in the operation of that facility. Thus, a request for injunctive relief against employees of the former facility is generally moot." *Morales v. Pigeon,* 2007 WL 2688853, at *2 (D. Conn. Sept. 13, 2007) (internal citation omitted); *see also Thompson v. Carter,* 284 F.3d 411, 415 (2d Cir. 2002)("a prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility"). Thus, plaintiff's claim injunctive relief is moot.

3

Even if the claim was not moot, plaintiff could not establish the imminent threat of irreparable harm necessary to warrant injunctive relief. Since he is not confined at the facility, the threat of imminent harm has been removed. To the extent that he may be able to establish the existence of an injury suffered during his past confinement, such injury would be compensable by money damages. "When a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted." *Borey v. National Union Fire Ins. Co.,* 934 F.2d 30, 34 (2d Cir. 1991) (citation omitted).

For the above stated reasons, it is recommended that plaintiff's motion for a preliminary injunction be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for defendants by electronic filing, and to plaintiff by mail, on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 2, 2007

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge